The W. BIRKENFELD TRUST,
a Washington Trust, et al.,
Plaintiffs,

v.

Barbara BAILEY; et al., Defendants.

No. CY–92–3062–AAM.

United States District Court,
E.D. Washington.

Oct. 10, 1993.

Michael Haglund, Haglund & Kirtley, Portland, OR, for plaintiffs.

Jim Johnson, Sr. Asst. Atty. Gen., Washington Office of Atty. Gen., Olympia, WA, for State of Wash.

Eric S. Gould, Dept. of Justice, Washington, DC, for Federal defendants.

David Swartling, Mill Cogan Meyers Swartling, Seattle, WA, Stephanie Striffler, Martin Dolan, Trial Div., Salem, OR, for State of Or.

Gary K. Kahn, Reeves, Kahn & Eder, Portland, OR, for Proposed Intervenor Friends of the Columbia Gorge.

Robert Leick, Stevenson, WA, Daniel R. Ritter, Davis Wright Termaine, Seattle, WA, for Skamania County.

Gerald A. Mastosich, Goldendale, WA, P. Stephen DiJulio, Foster Pepper & Shefelman, Seattle, WA, for Klickitat County.

## ORDER MODIFYING DISMISSAL ORDER AND DENYING MOTION FOR RECONSIDERATION

McDONALD, District Judge.

This matter comes before the court on the following motions: the plaintiffs' motion for reconsideration of the court's dismissal of their second cause of action, 827 F.Supp. 651 (Ct.Rec. 129); the Columbia River Gorge Commission's motion for permission to file a late response to the plaintiffs' motion for reconsideration (Ct.Rec. 141); and the Columbia River Gorge Commissioners' motion to modify the order of dismissal (Ct.Rec. 126). Michael E. Haglund represents the plaintiffs. Lawrence Watters represents the individual members of the Columbia River Gorge Commission, Gary K. Kahn represents the Intervenor Friends of the Columbia Gorge, and Eric S. Gould represents the federal defendants. For the reasons set forth below, the court grants the Commissioners' motion to modify the order of dismissal and their motion for leave to file a late response, but denies the plaintiffs' motion for reconsideration.

This civil action challenging the statutory and constitutional validity of the Final Management Plan for the Columbia River Gorge National Scenic Area was brought by several landowners within the Columbia River Gorge. Hood River, Klickitat, Wasco and Skamania Counties, although named as defendants in the complaint, filed cross-claims virtually identical in nature to the claims filed by plaintiffs. The remaining defendants, the individual members of the Gorge Commission, the federal defendants and the Intervenor Friends of the Columbia River Gorge, filed three separate motions to dismiss the action for lack of jurisdiction. The four county defendants chose to align themselves with the plaintiffs to oppose the motions to dismiss.

On May 27, 1993, this court entered an order dismissing the plaintiffs' complaint and all five claims contained therein on jurisdictional grounds. Neither plaintiffs nor defendants sought to obtain a Rule 54(b) certificate to give the court's decision final judgment status for purpose of appeal.[1] Hence,

---

1. Rule 54(b) provides as follows:
   When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to

the court did not make an express determination as to whether there was any reason to delay the entry of judgment; nor did it expressly direct the Clerk to enter judgment.

On July 14, 1993, the plaintiffs moved the court to reconsider its order of dismissal. The subject of the motion is limited to a portion of plaintiffs' second claim for relief which seeks to overturn the Columbia River Gorge Commission's decision requiring the future closure of a quarry owned by J. Arlie Bryant, Inc. (Bryant). Plaintiffs contend that Bryant's as-applied challenge is ripe for review, despite Bryant's failure to pursue all state court remedies, because the available state court remedies are allegedly inadequate to justly compensate Bryant for the taking of its property. The Gorge Commissioners, the federal defendants and the Friends of the Columbia Gorge urge the court to reject the plaintiffs' motion as untimely or, alternatively, deny the motion on the basis that Bryant's claim is unripe for review.

As a preliminary matter, the court must address the Commissioners' motion for leave to file a late response. Counsel for the Commissioners states that he was unable to respond to the plaintiffs motion in a timely fashion due to an exceptional number of deadlines imposed on him by other courts in unrelated matters. As the plaintiffs have not opposed the request for late-filing and are not prejudiced by the same,

**IT IS HEREBY ORDERED** that the Commissioners' motion for leave to file a late response is **GRANTED**. The Clerk is directed to accept the response for filing. The response shall be deemed to have been filed on the day it was submitted to the court.

**IT IS FURTHER ORDERED** that the Commissioners' unopposed motion to modify the order of dismissal is **GRANTED**. The Clerk shall substitute the phrase "Intervenor Friends of the Columbia Gorge" for the word "Commissioners" where the latter appears on

page 10, line 19; page 12, line 19; and page 14, line 13.

Because the plaintiffs filed their motion for reconsideration prior to the entry of a final judgment, they have complied with the time requirements of Rule 54(b). Therefore, the court shall entertain the motion.

■ Rule 54(b) provides that absent an express entry of a final judgment, all orders of a district court are "subject to reopening at the discretion of the district judge." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 12, 103 S.Ct. 927, 935, 74 L.Ed.2d 765 (1983). The district court's discretion, however, may be properly exercised only within the confines of the "Law of the Case" doctrine. This judicially created doctrine is a rule of practice which, "[a]s most commonly defined, ... posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 815–16, 108 S.Ct. 2166, 2177, 100 L.Ed.2d 811 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983)). The doctrine promotes the principles of finality and judicial economy by protecting against the relitigation or reconsideration of settled issues. *Christianson*, 486 U.S. at 816, 108 S.Ct. at 2177.

■ The Ninth Circuit rigidly adheres to the law of the case doctrine and has held that a district court may reconsider an issue previously decided in only three instances: (1) where the first decision was clearly erroneous and would result in manifest injustice; (2) where there has been an intervening change in the controlling law; or (3) where the evidence in a subsequent proceeding is substantially different. *Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 715 (9th Cir.1990). Before exercising its dis-

one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities

of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Fed.R.Civ.P. 54(b).

cretion to reconsider a prior ruling, the district court should consider the stage of the proceedings in which reconsideration is sought and the nature of the issues involved. 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478 (1981).

■ Having reviewed the record in light of the above standard, the court finds no basis upon which to grant the plaintiffs' motion. The plaintiff presents no new evidence and cites no change in the law. The main thrust of the plaintiffs' motion for reconsideration is grounded on their contention that the Final Management Plan violates the Fifth and Fourteenth Amendments because it contains no mechanism under which Bryant can seek compensation for the taking effected by the Plan. The plaintiffs raised this same argument in their response to the defendants' motions to dismiss and it was duly considered by the court prior to granting the dismissal.

As the court stated in its order dismissing the plaintiffs' complaint, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195, 105 S.Ct. 3108, 3121, 87 L.Ed.2d 126 (1985). While Bryant has obtained a decision from the Gorge Commission as to the use of its quarry, it has not fully pursued the remedies contemplated by the Act. Bryant's action remains pending before the Oregon Court of Appeals. Until Bryant exhausts its administrative and state court remedies and is denied just compensation, its claim is not ripe for adjudication in federal court. For this reason,

**IT IS ORDERED** that the plaintiffs' motion for reconsideration is **DENIED.** In light of the county defendants' apparent intent to hold their counterclaims in abeyance pending the appeal of the court's order dismissing the complaint, **IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** this file, subject to reopening upon the Circuit's disposition of the appeal.

**IT IS SO ORDERED.** The clerk is directed to enter this order and forward copies to counsel. Because there is no just reason to delay the entry of a final judgment as to the dismissal of plaintiffs' complaint and all claims contained therein, the clerk is further directed to enter judgment forthwith pursuant to Rule 54(b).